IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THALIA HUYNH <br> AND DALENA BUSTOS | § <br> § <br> § | CIVIL ACTION NO. 18-04257 |
| VS. | § <br> § <br> § | |
| WAL-MART STORES TEXAS, LLC | § | |

## DEFENDANT'S PARTIAL 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant WAL-MART STORES TEXAS, LLC ("Wal-Mart") files this Partial 12(b)(6) Motion to Dismiss for Failure to State a Claim. For the reasons set forth here, Plaintiffs' lawsuit fails to state viable claims for relief under four of their alleged causes of action: (1) malicious prosecution; (2) intentional infliction of emotional distress; (3) negligence per se; and (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"). Finally, Plaintiffs fail to state any viable claim permitting recovery of attorney fees. Thus, Wal-Mart asks the Court to dismiss these four causes of action and the claim for attorney fee damages.

### I.
### FACTUAL BACKGROUND

1.  On June 21, 2017, Plaintiffs Thalia Huynh and Dalena Bustos (collectively "Plaintiffs") claim they were wrongfully detained and assaulted while in a Wal-Mart store, and that they were subsequently charged with resisting arrest in connection with their arrest by the Houston Police Department. *See* Pl.'s First Am. Pet. [Ex. A] at ¶¶ 6–12.

### II.
### APPLICABLE STANDARDS

2.  The pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (interpreting

the Supreme Court's earlier ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1949. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 577). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…." *Iqbal*, at 1949

3.  When evaluating whether a plaintiff can establish a claim, district courts apply the substantive law of the forum state. *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "And the court is 'bound to apply the law as interpreted by the state's highest court.'" *Hughes*, 278 F.3d at 421 (citing *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 928 (5th Cir. 1995) (quoting *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)).

## III.
## 12(b)(6) CHALLENGES

**A.  Plaintiffs were criminally charged with resisting arrest in connection with their conduct toward Houston Police Department officers; Plaintiffs do not plead any facts to state a viable claim that Wal-Mart initiated or procured those prosecutions.**

4.  Plaintiffs allege that they were ultimately charged with resisting arrest. *See* Ex. A at ¶ 11. Based on Plaintiffs' allegations, their charges were based on Plaintiffs resisting their arrest by the Houston Police Department. *See id.* at ¶¶ 9–10.

5.  Claims for malicious prosecution require a plaintiff to establish that the defendant initiated or procured the alleged criminal prosecution. *See Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006). Plaintiffs plead no facts to allege how or in what manner Wal-

Mart initiated or procured criminal prosecutions against Plaintiffs for resisting arrest by the Houston Police Department. *See* Ex. A at ¶¶ 6–12, 15–16. The section of Plaintiffs' lawsuit related to malicious prosecution only contains a recitation of the elements for that cause of action, with the words "Defendant" and "Plaintiffs" inserted; no facts are ever pleaded or alleged to support this claim. Plaintiffs' lawsuit completely fails to state a viable claim on which relief can be granted against Wal-Mart for malicious prosecution.

**B.     Plaintiffs do not have an independent claim under Texas law for intentional infliction of emotional distress.**

6. In their lawsuit, Plaintiffs assert a cause of action for intentional infliction of emotional distress ("IIED"). However, claims for IIED are "gap filler" claims; the cause of action is only available when there is no other cause of action that would provide a remedy for the severe emotional distress allegedly caused by the defendant's conduct. *See Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447–48 (Tex. 2004); *Standard Fruit and Veg. Co. v. Johnson*, 985 S.W.2d 62, 67–68 (1998); *see also Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (in which the Texas Supreme Court held that IIED was "never intended to supplant or duplicate existing statutory or common-law remedies," because the availability of those torts "leaves no gap to fill").

7. Here, Plaintiffs have asserted a variety of causes of action that would provide relief for mental anguish damages, such as false imprisonment, malicious prosecution, assault, and negligence. *See* Ex. A at 3–5. Because those causes of action enable Plaintiffs to recovery mental anguish and emotional distress damages, there is no gap to fill with an IIED claim. *See, e.g., Conley v. Driver,* 175 S.W.3d 882, 887 n. 4 (Tex. App.–Texarkana 2005, pet. denied) (intentional infliction of emotional distress "cannot be used as an alternative to some other, more

conventional tort [that] fits the facts but might be subject to some structural impediment"). Thus, Plaintiffs have failed to state a viable claim for IIED.

**C.   Plaintiffs do not allege the existence of any applicable statute that would permit a claim for negligence per se.**

8. Negligence per se is a separate and distinct cause of action, wholly apart from claims of general negligence. A negligence per se claim is only applicable and appropriate when a defendant, without excuse, violates a statute for which tort liability may be imposed[1], and when the plaintiff or his injury is of the class or type that the statute was designed to protect or prevent. *Nixon v. Mr. Prop. Mgmt.*, 690 S.W.2d 546, 549 (Tex. 1985).

9. Plaintiffs' lawsuit fails to state a viable negligence per se claim because Plaintiffs do not allege that Defendant violated an applicable statute. *See* Ex. A at ¶¶ 23–24. In addition to not alleging a statutory violation, Plaintiffs identify no statutes applicable to this incident, pleads no facts related to statutes, protected classes, or intended injury prevention. *See id.* Their lawsuit is even less than a threadbare recitation of legal elements, since Plaintiffs do not even attempt to plead the legal elements for that cause of action. Instead, Plaintiffs' lawsuit operates on nothing more than a mistaken belief that by including the words "negligence per se," Plaintiffs have properly pleaded this cause of action and alleged a viable claim for relief. Plaintiffs are incorrect; their lawsuit sets forth no claim for relief upon which negligence per se relief may be granted.

**D.   Plaintiffs may not abuse the DTPA by improperly pleading it in a tort case**

10. Plaintiffs have also asserted a claim pursuant to the Texas DTPA. *See* Ex. A at 6. However, Plaintiffs are not entitled to assert a DTPA claim for a standard personal injury case. Section 17.49(e) of the DTPA explains that "except as specifically provided by Subsections (b)

---

[1] In order to foreclose a potential argument by Plaintiffs, the Court should take note that Texas courts have held that the DTPA "facially does not establish an applicable standard of care for imposing liability based on negligence per se." *See Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 166 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

and (h), Section 17.50, nothing in this subchapter shall apply to a cause of action for bodily injury or death or for the infliction of mental anguish." Tex. Bus. & Com. Code § 17.49(e). Texas appellate courts have repeatedly admonished that the DTPA does not provide relief for personal injury claims. *See Last v. Quail Valley Country Club, L.P.*, No. 01-08-00759-CV, 2010 WL 1253782, at *7 (Tex. App.—Houston [1st Dist.] Mar. 25, 2010) (holding that the Texas Legislature intended most personal injury claims to fall outside the the DTPA); *DiGangi v. 24 Hour Fitness USA, Inc.*, No. 05-04-01119-CV, 2005 WL 1367945, at *2 (Tex. App.—Dallas June 10, 2005) (holding that personal injury claims are generally barred by the DTPA).

11.  For example, in *Last*, the plaintiff bought a ticket to ride a mechanical bull and, during one of his rides, sustained personal injuries after he fell from the bull, and filed suit for negligence and DTPA violations. *See* No. 01-08-00759-CV, 2010 WL 1253782, at *1–2. The court explained that the plaintiff's claim was a standard personal injury claim even though the plaintiff had made a purchase and, in discussing the DTPA, wrote:

> The Legislature has expressed its intent that the DTPA does not provide a cause of action for personal injury claims. When the DTPA was revised in 1995, the revisions represented 'a sweeping measure to remove most personal injury claims from the purview of the DTPA.' The 74th Legislature opted to exclude claims for bodily injury and death as part of the effort to restore the DTPA to be chiefly a means of relief for individual or small business consumers who have been taken advantage of by unscrupulous individuals or businesses. The DTPA had become an avenue for far too many lawsuits relating to a variety of claims outside of the consumer-business relationship, including personal injury litigation.

01-08-00759-CV, 2010 WL 1253782, at *7 (internal citations omitted).

12.  Here, it is obvious that Plaintiffs are bringing a standard personal injury-type tort case. They claim they were improperly detained and assaulted while leaving a Wal-Mart store. *See* Ex. A at ¶¶ 6–12. The DTPA section of Plaintiffs' lawsuit only contains a recitation of elements for that cause of action, with the words "Defendant" and "Plaintiffs" inserted; they

have not pleaded any applicable factual or legal basis that would place this case within the purview of the Texas DTPA. *See* Ex. A at ¶¶ 27–28. As such, Plaintiffs' lawsuit completely fails to state a viable claim on which relief can be granted against Wal-Mart for DTPA violations.

**E.      Plaintiff is not entitled to recover attorney fees in a personal injury case.**

13.    Plaintiffs seek to recover attorney fees as part of their lawsuit. *See* Ex. A at ¶¶ 35–36. However, as a matter of law, attorney fees are not recoverable in Texas for personal injury claims. *See Holland v. Wal-Mart Stores*, 1 S.W.3d 91, 95 (Tex. 1999) (attorney fees are recoverable pursuant to statute or a contract between the parties). Plaintiffs do not plead the existence of a contract that would allow them to recover attorney fees. Nor do they plead the existence of a statute that authorizes them to seek and recover attorney fees outside of the DTPA which, as established earlier, is not a valid claim. Furthermore, Plaintiffs have not pleaded any viable claims that survive this motion and that permit them to recover attorney fees. Consequently, Plaintiffs have failed to state a claim that would permit attorney fee recovery and, therefore, the Court should dismiss Plaintiffs' claim for recovery of attorney fees.

## IV.
## CONCLUSION AND PRAYER

14.    For the reasons stated herein, Plaintiffs lawsuit fails to state viable claims on which relief can be granted for malicious prosecution, intentional infliction of emotional distress, negligence per se, violations of the Texas Deceptive Trade Practices Act, and for attorney fee damages. As such, the Court should grant Wal-Mart's partial 12(b)(6) Motion to Dismiss in its entirety and should dismiss those challenged claims and the challenge attorney fee damages pleading in their entirety.

[Signature on Next Page]

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

_____
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Neal A. Hoffman
State Bar No. 24069936
Federal ID No. 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile:  (713) 622-8077
jramirez.atty@bushramirez.com
nhoffman@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 7th day of December 2018.

Husein Hadi
The Hadi Law Firm
7100 Regency Square Blvd., #140
Houston, Texas 77036

_____
John A. Ramirez / Neal A. Hoffman