IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THALIA HUYNH and DALENA BUSTOS, § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. 18-4257 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case has recently been referred to the undersigned Magistrate Judge for all pretrial proceeding is Defendant's Partial 12(b)(6) Motion to Dismiss (Document No. 8), in which Defendant seeks an Order dismissing Plaintiffs' claims for malicious prosecution, intentional infliction of emotional distress, negligence per se, and violations of the Texas Deceptive Trade Practices Act. Having considered the motion, the response in opposition, the additional briefing, the parties' arguments at a status conference held on May 1, 2019, Plaintiffs' allegations in the state court pleading they filed prior to Defendant's removal of the case to this Court, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Partial 12(b)(6) Motion to Dismiss (Document No. 8) be GRANTED IN PART.

### I. Background

This case was filed by two women who were detained and arrested at the Wal-Mart Supercenter near Westheimer and South Kirkwood Road in Houston, Texas. Plaintiffs allege that as they were leaving the Wal-Mart store,

> A large man approached Plaintiffs and then grabbed Ms. Huynh's purse. While Ms, Huynh struggled with the purse snatcher, Officer McNeil, an off-duty officer working security for Walmart, approached Plaintiffs and confronted them. Officer McNeil then slammed Ms. Huynh to the ground and handcuffed her. In the course of this assault, her

pants were pulled down to her ankles. Officer McNeil also handcuffed Ms. Bustos and slammed her to the ground.

Plaintiffs' First Amended Petition (Document No. 1-2) at 2. Plaintiffs also allege that Ms. Huynh was in intense pain, which Officer McNeil ignored, and that when Houston Police Department officers arrived at the scene, "Officer McNeil and the HPD officers huddled to discuss the situation," leaving Plaintiffs "on the ground in handcuffs for approximately an hour [with] Ms. Huynh lying there with her pants down and in plain view of other customers. While Plaintiffs were on the ground, Officer McNeil and some of the other officers laughed and joked about them." *Id.* at 2-3. Plaintiffs further allege that they were then "dragged out of the Walmart store by their handcuffs and [ ] taken by ambulance to West Houston Medical Center" where Ms. Huynh was treated and then both Plaintiffs were taken to the Harris County Jail and "charged with resisting arrest." *Id.* at 3.

Plaintiffs Huynh and Bustos filed suit in state court against Wal-Mart, alleging claims for false imprisonment, malicious prosecution, assault and battery, offensive physical contact, intentional infliction of emotional distress, negligence and negligence per se, gross negligence, and violations of the Deceptive Trade Practices Act (DTPA). Plaintiffs also alleged that Wal-Mart was responsible for the conduct of Officer McNeil under theories of respondeat superior and vicarious liability. Wal-Mart removed the case to this Court on the basis of diversity jurisdiction and promptly filed a Partial 12(b)(6) Motion to Dismiss (Document No. 8), seeking the dismissal of Plaintiffs' claims for: (1) the malicious prosecution; (2) the intentional infliction of emotional distress; (3) negligence per se; and (4) violations of the DTPA. Plaintiffs have filed a response to that motion, as well as an associated, alternative request for leave to amend.

II.     **Rule 12(b)(6) Standard of Review**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic*

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### III. Discussion – Plausibility of Plaintiffs' claims

#### A. Malicious Prosecution

In support of their malicious prosecution claim, Plaintiffs allege that "[c]riminal prosecutions were commenced against [them]. Defendant [Wal-Mart] initiated such prosecutions. The prosecutions were terminated in Plaintiffs' favor. Plaintiffs were not guilty of the charges alleged. Defendant did not have probable cause to initiate such prosecutions against Plaintiffs. Defendant acted with malice towards Plaintiffs. Plaintiffs have suffered, and continue

3

to suffer, damages as a result of such prosecutions." Plaintiffs' Original Petition (Document No. 1-2) at 4. Wal-Mart seeks dismissal of this claim, arguing that Plaintiffs have not alleged any facts that would support a malicious prosecution claim against it given that Plaintiffs were charged with resisting arrest, and not shoplifting. Plaintiffs respond that this claim should not be dismissed at this stage because the facts that are alleged raise an inference that Wal-Mart, acting through its security guard (McNeil), initiated and/or requested that criminal charges be filed against Plaintiffs.

To state a plausible malicious prosecution claim, a plaintiff must allege: "(1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). "A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities. A person procures a criminal prosecution if his actions are enough to cause the prosecution and, but for his actions, the prosecution would not have occurred." *Atchison v. Mem'l Hermann Mem'l City Hosp.*, No. 14-17-00307-CV, 2018 WL 5260971, at *3 (Tex. App. Oct. 23, 2018) (internal citation omitted).

Here, while Plaintiffs allege, in a conclusory fashion, all the elements of a malicious prosecution claim, there are no facts alleged to support the required elements of a malicious prosecution claim. In particular, there are no facts alleged to support a conclusion that Wal-Mart, either on its own or by and through McNeil, initiated or procured criminal proceedings against Plaintiffs, and no facts alleged that there was an absence of probable cause for Plaintiffs' prosecution. All Plaintiffs allege are legal conclusions, which must be disregarded in

4

determining whether Plaintiffs have stated a plausible claim. Here, because there are no facts alleged that would support a malicious prosecution claim as against Wal-Mart, that claim is subject to dismissal under Rule 12(b)(6).

### B. Intentional Infliction of Emotional Distress

In support of their intentional infliction of emotional distress claim, Plaintiffs allege that "in the course of accosting, confronting, detaining, assaulting, arresting, and prosecuting Plaintiffs, Defendant acted intentionally, knowingly or recklessly. Such conduct by Defendant was egregious, extreme and outrageous and proximately caused emotional distress and harm to Plaintiffs. The emotional distress suffered by each Plaintiff was severe." Plaintiffs' Original Petition (Document No. 1-2) at 5. Wal-Mart seeks dismissal of this claim, arguing that such a "gap-filler" IIED claim is not plausible in this case given "the variety of causes of action [alleged by Plaintiffs] that would provide relief for [the] mental anguish damages" Plaintiffs claim to have suffered. Wal-Mart's Motion to Dismiss (Document No. 8) at 3. Plaintiffs, in response, argue that it is premature to determine whether their IIED claim is a "gap-filler" claim or not, and that they have sufficiently alleged facts, taken as true, that would support the elements of an IIED claim.

To state a claim for IIED, a plaintiff must allege facts that would show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; 3) the defendants actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Twyman v. Twyman* 855 S.W. 2d. 619, 621 (Tex. 1993). Conduct is considered to be extreme and outrageous when the character of the act is so outrageous and the degree is so extreme as to go beyond all possible bounds of decency *Id.* at 621.

5

Here, while Plaintiffs allege the elements of an IIED claim as conclusions, there are facts alleged in the background section of Plaintiffs' pleading that would support a plausible IIED claim. In particular, Plaintiffs allege that they were "slammed" to the ground, partially exposed, and kept on the ground in this state for approximately an hour in plain view of other customers. Plaintiffs also allege, at least inferentially, that McNeil was acting on Wal-Mart's behalf at the time. These facts state a plausible claim for intentional infliction of emotional distress, especially insofar as the conduct alleged could be viewed as extreme and outrageous. As for Wal-Mart's argument that an IIED claim is not appropriate in this case given the other claims Plaintiffs have alleged, the Texas Supreme Court has made it clear that an IIED claim is a "gap filler" claim that is only available when there are no other statutory or common law remedies available. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) ("intentional infliction of emotional distress is a '"gap-filler"' tort never intended to supplant or duplicate existing statutory or common-law remedies. Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill); *see also Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) ("Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available."). Because an IIED claim is only a "gap-filler" state law claim, and because there are, as argued by Wal-Mart, various other causes of action available to Plaintiffs in this case that more closely fit Plaintiffs' allegations – causes of action that have not been challenged with a Rule 12(b)(6) motion -- Plaintiffs' IIED claim cannot be viewed as a plausible "gap-filler" claim, *see e.g., Livingston v. Livingston*, 537 S.W.3d 578, 590 (Tex. App.—Houston [1st Dist.] 2017) (determining that where gravamen of the plaintiff's complaint was a claim for assault, an intentional infliction of emotional distress claim should not have been submitted to the jury); *Patel v. Hussain*, 485 S.W.

3d 153, 177 (Tex. App –Houston [14th Dist.] 2016) (determining that IIED was unavailable as a matter of law because the gravamen of the Plaintiff's claim was fully encompassed by the other intentional tort type claims she had brought); *Oliphint v. Richards,* 167 S. W. 3d. 513, 517 (Tex. App. –Houston. [14th Dist.] 2005) (determining that when a plaintiff did not base IIED claims on facts independent of another claim brought, IIED is not available), and should be dismissed pursuant to Rule 12(b)(6).

### C. Negligence Per Se

In support of their negligence per se claim, Plaintiffs allege that "Defendant was negligent by violating duties which it owed to Plaintiffs. Defendant failed to exercise that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances. Defendant's above-referenced negligence was a proximate cause of Plaintiffs' injuries and damages. Likewise, to the extent such above-listed actions are violations of statutes, regulations, ordinances or other laws, such violations constitute negligence per se on the part of Defendant." Plaintiffs' Original Petition (Document No. 1-2) at 5. Wal-Mart seeks dismissal of this claim, arguing that Plaintiffs have not alleged that Wal-Mart "violated an applicable statute." Plaintiffs, in response, argue that "the alleged conduct of Wal-Mart plainly may have violated a host of Texas statutes, including: Tex. Penal Code § 20.02 – unlawful restraint; Tex. Penal Code § 22.01 – assault and Tex. Penal Code § 22.02 – aggravated assault." Plaintiffs' Response (Document No. 9) at 7.

An ordinary negligence claim requires the plaintiff to show that there was a duty of care owed to the plaintiff, that the duty owed was breached, and that the breach resulted in harm to the plaintiff. *Mutuba v. Halliburton Co.* 949 F. Supp. 2d 677, 681 (S.D. Tex. 2013). An individual can be determined to be negligent as a matter of law, or negligent "per se" when a

7

statute or ordinance is violated. The violation of a statute or ordinance, created to protect a particular class of persons without excuse, constitutes negligence per se. *Nixon v. Mr. Property Management Co.* 690 S.W. 2d 546, 549 (Tex. 1985).

Here, while there are no allegations in Plaintiffs' pleading of any violation of any statute or ordinance that was created to protect individuals like Plaintiffs, some mention is made by Plaintiffs in their response to Wal-Mart's Motion to Dismiss of several criminal statutes upon which their negligence per se claim could be based. Wal-Mart has agreed, with respect to the negligence per se claim only, that Plaintiffs should be allowed to amend their claim to identify the "statute(s) in question that Plaintiffs contend Walmart violated." Wal-Mart's Reply (Document No. 10) at 5. Based on this concession, Plaintiffs' negligence per se claim should not be subject to dismissal.

### D. Texas Deceptive Trade Practices Act (DTPA)

In support of their DTPA claim, Plaintiffs allege that they "were consumers under the [DTPA,]" that Wal-Mart "committed wrongful acts in violation of the DTPA, which were a producing cause of damages to Plaintiffs," that Wal-Mart's "wrongful conduct was false, misleading or deceptive and/or constituted [an] unconscionable action or course of conduct as defined by the DTPA," and that "such wrongful conduct was committed knowingly or intentionally." Plaintiffs' Original Petition (Document No. 1-2) at 6. Wal-Mart seeks dismissal of Plaintiffs' DTPA claim on the basis that the DTPA specifically excludes personal injury claims like that alleged by Plaintiffs, and that Plaintiffs have alleged nothing more than legal conclusions in support of their DTPA claim. Plaintiffs respond that while the DTPA does not provide an umbrella for personal injury claims, it does provide a remedy for mental anguish, which they have alleged.

8

The DTPA protects consumers from false, misleading, and deceptive business practices, unconscionable acts, and breaches of warranty. *Amstadt v. U.S. Brass Corp.* 919 S.W.2d 644, 649 (Tex. 1996). To state a claim under the DTPA, a plaintiff must allege that: (1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed false, misleading, or deceptive acts in connections with the lease or sale of goods or services; and (3) such acts were producing cause of actual damages to the plaintiff. *Burroughs v. APS Intern.*, Ltd. 93 S.W. 3d. 155, 163 (Tex. App. –Houston [14th Dist.] 2002). To be considered a consumer for purposes of the DTPA the plaintiff must seek or acquire goods or services by purchase or lease, and the goods or services must form the basis of the plaintiff's complaint. *Cameron v. Terrell and Garrett, Inc.* 618 S.W. 2d. 535, 539 (Tex. 1981).

Here, as argued by Wal-Mart, Plaintiffs' personal injury-like claims cannot be brought under the DTPA. *Last v. Quail Valley Country Club, L.P.*, No. 01-08-00759-CV, 2010 WL 1253782, at *7 (Tex. App. –Houston [1st Dist.] 2010). In addition, there are no facts alleged that would support any of the elements of a DTPA claim. Finally, the facts Plaintiffs have alleged do not relate to their status as consumers under the DTPA. *See e.g., Gatling v. CitiMortgage Inc.* F. Supp. 2d (S.D. Tex. 2012) (concluding that because the plaintiff's DTPA claim was not premised on allegedly deceptive acts related to the purchase of her home, she did not meet the requirements of consumer status). For all those reasons, Plaintiffs have not alleged a plausible DTPA claim.

**IV. Discussion – Requested Amendment**

As part of their response to Wal-Mart's Motion to Dismiss, Plaintiffs ask that they be allowed to amend to "cure any deficiencies in the previously filed state court pleadings."

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, while Plaintiffs have asked for leave to amend, there is no reasonable likelihood that Plaintiffs could amend their pleading to allege any facts that would support their claims for malicious prosecution, intentional infliction of emotional distress, and violations of the DTPA. As set forth above with respect to the intentional infliction of emotional distress claim and the DTPA claims, Plaintiffs' factual allegations do not support either of those claims as a matter of law. As for the malicious prosecution claim, while Plaintiffs did allege in their state court pleading that the criminal prosecutions were terminated in their favor, Plaintiffs' counsel admitted during the Status Conference held on May 1, 2019 that both Plaintiffs pled guilty to the charges that were filed against them in connection with the incidents that made the basis of this case. That admission on the record effectively forecloses an amendment of the pleadings for purposes of stating a plausible malicious prosecution claim. Therefore, Plaintiffs should not be allowed to amend their pleadings vis-à-vis their malicious prosecution claim, their intentional infliction of emotional distress claim, or their DTPA claim(s), but should be allowed to amend their pleadings to state a negligence per se claim(s).

## V.   Conclusion and Recommendation

Based on the foregoing, and the conclusion that Plaintiffs have not stated a plausible claim against Defendant for malicious prosecution, intentional infliction of emotional distress,

and violations of the Texas Deceptive Trade Practices Act, but should be allowed to re-plead their negligence per se claim, the Magistrate Judge

RECOMMENDS that Defendant's Partial 12(b)(6) Motion to Dismiss (Document No. 8) be GRANTED in PART and that Plaintiffs' claims for malicious prosecution, intentional infliction of emotional distress, and violations of the Texas Deceptive Trade Practices Act be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim, but that Plaintiffs be allowed to re-plead their claim for negligence per se.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 17th day of June, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

11